**Appeal Reinstated; Motion Denied; Order filed October 14, 2014**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-14-00683-CV
_____

**FREDERIC SCOTT DEAVER, Appellant**

**V.**

**RIDDHI DESAI AND SHILPI PANKAJ DESAI, Appellees**

---

**On Appeal from the 295th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2014-18950**

---

## ORDER

This is an appeal from a judgment signed August 14, 2014 in which the trial court denied appellant's Anti-S.L.A.P.P. motion to dismiss. Appellant filed his notice of appeal and affidavit of indigence on August 20, 2014. On August 28, 2014, appellee Riddhi Desai, the Harris County District Clerk, and the court reporter for the 295th District Court filed contests to appellant's affidavit of indigence. On September 4, 2014, this court abated the appeal and directed the trial court to hold a hearing on the contest. On October 3, 2014, the trial court signed an

order sustaining the contests, and finding appellant not indigent for purpose of appeal.

On October 6, 2014, appellant filed a notice of appeal challenging the trial court's order sustaining the contest to his affidavit of indigence. Pursuant to the Texas Rules of Appellate Procedure, this court docketed the notice as a motion challenging the trial court's ruling. *See* Tex. R. App. P. 20.1(j)(1).

When a contest is sustained and a review of the ruling is sought, the question is whether an examination of the record as a whole establishes that the trial court abused its discretion. *See Jones v. Duggan*, 943 S.W.2d 90, 93 (Tex. App.—Houston [1st Dist.] 1997, orig. proceeding). In ruling on the merits of the evidence at the trial court level, the test for determining entitlement to proceed in forma pauperis is whether the preponderance of the evidence shows that the appellant would be unable to pay the costs of appeal, if he really wanted to and made a good faith effort to do so. *See Griffin Indus. v. Thirteenth Court of Appeals*, 934 S.W.2d 349, 351 (Tex. 1996). To show a clear abuse of discretion, the appellant must show that, under the circumstances of the case, the facts and law permit the trial court to make but one decision. *See Cronen v. Smith*, 812 S.W.2d 69, 70 (Tex. App.—Houston [1st Dist.] 1991, orig. proceeding).

Texas Rule of Appellate Procedure 20.1 governs affidavits of indigence. It permits a party to proceed with an appeal without advance payment of costs if (1) the party files an affidavit of indigence in compliance with the rule; (2) either the claim of indigence is not contested or the contest is not sustained; and (3) the party files a timely notice of appeal. Tex. R. App. P. 20.1(a). The affidavit must identify the party filing it, state the amount of costs the party can pay, if any, and contain complete information regarding sources of income and property. Tex. R. App. P. 20.1(b). The affidavit must specifically state:

(1) the nature and amount of the party's current employment income, government-entitlement income, and other income;

(2) the income of the party's spouse and whether that income is available to the party;

(3) real and personal property the party owns;

(4) cash the party holds and amounts on deposit that the party may withdraw;

(5) the party's other assets;

(6) the number and relationship to the party of any dependents;

(7) the nature and amount of the party's debts;

(8) the nature and amount of the party's monthly expenses;

(9) the party's ability to obtain a loan for court costs;

(10) whether an attorney is providing free legal services to the party without a contingent fee; and

(11) whether an attorney has agreed to pay or advance court costs.

Tex. R. App. P. 20.1(b)(1)–(11).

In his affidavit of indigence, appellant stated his total household income is $570 per month, and his total monthly expenses are $3074.

The burden of proof at the hearing on the contest to the affidavit is on the individual claiming indigence. *See* Tex. R. App. P. 20.1(g). Prior to the hearing, appellant filed a response to the contest in which he accused opposing counsel of racism and perjury, accused the trial court of official misconduct, and sought the assistance of the Texas Rangers to investigate "the source of any criminal acts in this case[.]"

At the hearing, appellant introduced copies of his Lone Star card issued by the Health and Human Services department, email correspondence between him and friends with regard to clothing for his daughter, and an invoice from a car

repair shop for repairs to appellant's car. The trial court sustained appellee's objections to the email correspondence and car-repair invoice.

On cross-examination, appellant testified he has paid $1200 each month in rent since January 2014. Appellant pays $50 per month for a mobile phone. From January through August 2014 appellant paid $670 per month for his car, and $179 per month for car insurance. Appellant testified that of the $3074 monthly expenses, all payments are current except the car note. Appellant met his monthly expenses by borrowing from his parents, receiving unemployment payments, and accepting money through a crowd-funding site on the internet. Appellant paid a $350 deposit to Harris County, but cannot afford the remaining $100 for the record or the $195 appellate filing fee. Appellant is an unemployed software engineer who has been unable to find employment due to his low credit score. Appellant's last employment ended October 15, 2013.

In its order the trial court made the following findings:

(1) On August 19, 2014, Mr Deaver filed an affidavit of indigency claiming he is financially unable to pay court costs. Specifically, he claims he is receiving the following government benefits because of his indigency: food stamps, Medicaid, and low-income energy assistance. He indicates that his monthly income of $570 comes from $223 in child support and $347 in public benefits. Mr. Deaver reports that he has been unemployed since October 15, 2013. His affidavit lists his monthly expenses as $1,200 in rent, $450 in food and household supplies, $100 for utilities and telephone, $150 for clothing and laundry, $25 in medical and dental costs, $670 in vehicle payments, $300 for gas, bus fare, and auto repair, and $179 for auto insurance He further claims that his car is worth $1,000 less than he owes on it and that he owes his parents $7,500.

(2) On August 25, 2014, Mr Deaver filed a second affidavit of indigency claiming that he is unable to pay court costs and is receiving government entitlements based on indigence. Specifically he claims he receives food stamps, Medicaid, electricity assistance, and

cell phone assistance Mr. Deaver also indicates that he has been unemployed since October 15, 2013, receives child support in the amount of $223 a month, and owns a 2011 Toyota Camry Hybrid automobile. His affidavit of indigency further states that he has $300 in his checking account, $1.53 in his savings account, owes his parents $3,500, and owes Energy Capital Credit Union $1,900 for his car. Finally, he alleges that he cannot qualify for a loan because his credit score is 640.

* * * * *

(6) At the hearing, Mr Deaver produced no evidence sufficient to support any of his claims of indigency and government assistance.

(7) At the hearing, Mr. Deaver produced no evidence to support his claim that he is unable to borrow money.

(8) During the hearing, Mr Deaver advised the Court that his daughter was attending the Atwy [sic] School, a private school m Houston.

(9) Mr Deaver also informed the Court that, despite being internationally recognized as one of the premier software engineers/architects/programmers in his field, he has been unable to obtain work in his area of expertise He claims that his target employers see him as a security risk because of his low credit score.

(10) The Court allowed Mr Deaver to file a supplemental affidavit of indigency. As an attachment to this pleading, Mr. Deaver attached a screen shot of the items in his "sent" email box indicating that he sent out numerous emails With the subject line "Great Windows C++ software engineer, architect, and programmer seeks new assignment" on Tuesday, September 9, 2014, and Wednesday, September 10, 2014. He also attached copies of a few email exchanges dating between August 27, 2014 and September 12, 2014, regarding possible jobs.

The court concluded that appellant is not indigent for purpose of appeal.

The record does not support the trial court's finding that appellant's daughter attends a private school. The record reflects that appellant's daughter attends Outley Elementary School, a public school. The record supports the trial court's remaining findings. Having reviewed the evidence at the hearing in the trial court,

we find the court did not abuse its discretion in denying appellant's request to proceed without the payment of costs.

Therefore, the appeal is reinstated and appellant is directed to pay or make arrangements to pay the filing fee and the record in this appeal. *See* Tex. R. App. P. 35.3(a)(2). Unless appellant pays the $195.00 filing fee and provides this court with proof of payment for the record within 15 days of the date of this order, we will dismiss the appeal for want of prosecution. *See* Tex. R. App. P. 42.3(c), 37.3(b).

PER CURIAM

Panel consists of Justices Boyce, Jamison, and Donovan (Justice Donovan would grant).